| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ Attorney for: | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - _____ DIVISION**

| In re: | CASE NO.: |
|---|---|
| | CHAPTER: |
| | **NOTICE OF OBJECTION TO CLAIM** |
| | DATE: XXXXXXX To Be Determined<br>TIME:<br>COURTROOM:<br>PLACE: |
| Debtor(s). | |

1. TO *(specify claimant and claimant's counsel, if any)*: _____

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #\_\_\_Amended\_\_) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.
**IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date: XXXXXXX 10/7/2022

Printed name of law firm

*Ryan Jackman*
Signature

Date Notice Mailed: XXXXXXX 10/7/2022

Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 1     **F 3007-1.1.NOTICE.OBJ.CLAIM**

Ryan E. Jackman, Esq. (SBN: 336617)
Ryan@RJZLawGroup.Com
RJZ LAW GROUP, P.C.
25152 Springfield Court, Suite 390
Valencia, CA 91355
Telephone Number: (661) 502-6244
Fax Number: (310) 726-3280

Attorneys for Defendant and Cross-Defendant
KAMI EMEIN

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Kami Emein<br><br>       Debtor,<br>—————————————————<br>JOSEPH AMIN,<br><br>       Plaintiff,<br><br>  vs.<br><br>KAMI EMEIN,<br><br>       Defendant. | Case No.: 2:18-bk-15693-ER<br>Chapter: 7<br>Adversary Case No.: 2:18-AP-01260-ER<br><br>**DEBTOR KAMI EMEIN'S OBJECTION TO AND MOTION FOR ORDER DISALLOWING AMENDED PROOF OF CLAIM NO. 1-1 OF JOSEPH AMIN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**(FRBP 3001(C) and 11 U.S.C. § 502(b)(1))**<br><br>**[Filled Concurrently with Request for Judicial Notice and [Proposed] Order]**<br><br>Hearing Date: To Be Determined<br>Ctrm: 1568<br>Time: 10:00 AM<br>Judge: Hon. Ernest M. Robles<br>Location: 255 Temple Street, 15th Floor<br>          Los Angeles, CA 90012 |

**TO ALL INTERESTED PARTIES HEREIN:**

    **PLEASE TAKE NOTICE** that on a date to be set if at all by the Court in Courtroom 1568 of the above-entitled court, located at 255 East Temple Street, Los Angeles, CA 90012,

---

*IN Re: Kami Emein, Debtor*
*Case No. 2:18-bk-15693-ER*

DEBTOR KAMI EMEIN'S OBJECTION TO AND MOTION FOR ORDER DISALLOWING PROOF OF CLAIM NO. 1-1 OF JOSEPH AMIN

1

1   Debtor, Kami Emein ("Emein"), will and hereby does, move for an order disallowing creditor
2   Joseph Amin's ("Amin") proof of claim no. 1-1 pursuant to FRBP 3001(C) and 11 U.S.C. §
3   502(b)(1) and (2).
4       Defendant's Motion is made on the grounds that the Amin Amended Proof of Claim No.
5   1-1 ("Amin Amended Claim") should be disallowed as the newly amended claim now claims to
6   be a secured claim and requests significant unmatured prepetition interest nearly three years after
7   the claim bar deadline, which was January 14, 2019.
8       The motion will be and is based upon this notice, the attached Memorandum of Points
9   and Authorities; upon the records and files in this action; and upon such further evidence and
10  argument as may be presented prior to or at the time of hearing on the Defendant's Motion.
11      This objection is being submitted pursuant to the Court's September 21, 2022 order
12  establishing the procedures with respect to the amended claim Doc No. 193. The Court will set a
13  hearing on this objection pursuant to that order should the Court need to. If you wish to oppose
14  this Motion, you must file a written opposition with the above-referenced Court no later than 14
15  days prior to the hearing on this motion, or August 16, 2022, and serving a copy of same on all
16  interested parties. See CD CA LBR 9013-1(f). Pursuant to CD CA LBR 9013-1(h), if you fail to
17  file a written opposition with the Court and serve it on the moving party by the date indicated,
18  the Court may enter an order granting the relief requested in the Motion.

20  DATED: October 7, 2022                          **RJZ LAW GROUP, P.C.**

22                                                     /s/ Ryan Jackman
23                                          Ryan E. Jackman, Esq.
                                         Attorney for Cross-Defendant
                                         KAMI EMEIN

*RJZ LAW GROUP, P.C.*
*25152 Springfield Ct., Ste. 390, Valencia, CA 91355*

---

*IN Re: Kami Emein, Debtor*          **DEBTOR KAMI EMEIN'S OBJECTION TO AND MOTION FOR**
*Case No. 2:18-bk-15693-ER*          **ORDER DISALLOWING PROOF OF CLAIM NO. 1-1 OF JOSEPH**
                                                                        **AMIN**

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT FACTS

On June 4, 2018, Amin filed Proof of Claim No. 1-1. (See Debtor's Request for Judicial Notice ("Emein RJN") No. 1: Amin Proof of Claim No. 1-1.) Amin's claim alleges that the amount owed to him by the Debtor is $2,624,084.00 based on a default judgment obtained by Amin against the Debtor in *Wilshire State Bank v. Joseph Amin*, Los Angeles Superior Court Case No. BC401794 (hereinafter referred to as the "State Court Action"). The claims filing deadline for this matter is was January 14, 2019.

On September 23, 2022, nearly three years after the claims deadline, Amin files an amended claim. The Amended Claim now provides that the claim is secured and not unsecured. Additionally, the Amended Claim alleges an amount almost three times the original claim. The Amended Claim does not relate back and therefore is untimely.

## II. RULE 7015 IS APPLICABLE TO AMIN'S AMENDED CLAIM

Generally, a creditor may freely amend its proofs of claim before they are successfully objected to by the debtor. See, e.g., *First Nat'l Bank of Mobile v. Everhart* (*In re Commonwealth Corp.*), 617 F.2d 415, 422 n. 12 (5th Cir.1980) (noting that "amendment of claims in bankruptcy is liberally allowed" within statutory limits). However, a timely-filed claim may not be "amended" after the deadline to assert an entirely new claim. [11 USC § 502(b)(9) (disallowing untimely claims)].

Once the debtor objects to a proof of claim, it becomes a "contested matter" under Bankruptcy Rule 9014. See *In re Cloud, No. 99–51109*, 2000 WL 634637, at *2 (5th Cir.2000) (unpublished); see also Fed. R. Bankr.P. 3007, advisory committee's note ("The contested matter initiated by an objection to a claim is governed by rule 9014...."); Fed. R. Bankr.P. 9014, advisory committee's note ("[T]he filing of an objection to a proof of claim ... creates a dispute which is a contested matter...."). Further, Bankruptcy Rule 9014 makes applicable certain procedural rules contained in Part VII of the Bankruptcy Rules, and allows the court to "at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Fed.

R. Bankr.P. 9014(c). Bankruptcy Rule 7015 makes Federal Rule of Civil Procedure 15 (Rule 15), governing amendments, applicable in adversary proceedings. Taken together, Bankruptcy Rules 9014 and 7015 make Rule 15 applicable in contested matters at the Court's election.

Further, most bankruptcy courts have recognized that "[t]he trend of the cases appear to apply Rule 7015 to contested matters." *In re MK Lombard Group I, Ltd.*, 301 B.R. 812, 816 (Bankr.E.D.Pa.2003); see also, e.g., *In re Stavriotis*, 977 F.2d 1202, 1204 (7th Cir.1992) (noting that Bankruptcy Rule 9014(c) permits extension of Rule 7015 to contested matters); *In re Best Refrigerated Express, Inc.*, 192 B.R. 503, 506 (Bankr.D.Neb.1996) (applying Rule 7015 through Rule 9014 to allow amendment to a filed proof of claim to relate back). That Bankruptcy Rule incorporates Federal Rule of Civil Procedure 15 which provides, in pertinent:

(a) Amendments. [Any time after responsive pleading is served or more than 20 days after service of pleading] a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

....

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

See F.R.C.P. 15(a), (c).

The decision to grant or deny a post-bar date amendment to a timely filed claim rests within the sound discretion of the bankruptcy judge. *In re Hill*, 286 B.R. 612, 621 (Bankr.E.D.Pa.2002). To be permitted, the amendment must relate back to the initial filing if filed after the bar date; otherwise, it will be deemed a "new" claim and will not be permitted. *In re Metro Transportation Co.*, 117 B.R. 143, 147 (Bankr.E.D.Pa.1990); *In re McMillan*, supra, 182 B.R. at 14; *In re Ben Franklin Hotel Associates*, 1998 WL 94808 *3 (E.D.Pa.) aff'd 186 F.3d 301 (1999); *In re Pennsylvania Truck Lines, Inc.*, 189 B.R. 331, 335 (Bankr.E.D.Pa.1995); *In re Hanscom Retail Foods, Inc.*, 96 B.R. 33, 35 (Bankr.E.D.Pa.1988).

Here, nearly three years after the claims deadline has passed. The Amended Claim fails to provide any basis for which Amin failed to properly file a secured claim when he originally filed an unsecured claim. Moreover, the Amended Claim seeks an entitlement to interest on the underlying state court judgment nearly tripling Amin's claim. The Amended Claim now alleges a secured claim without any explanation. Therefore, the Amended Claim does not relate back and is untimely.

### III. CONCLUSION

Based on the foregoing, Amin should not be allowed to amend his proof of claim in order to now seek a to assert a secured claim approximately three years later.

DATED: October 7, 2022                **RJZ LAW GROUP, P.C.**

*Ryan Jackman*
Ryan E. Jackman, Esq.
Attorney for Cross-Defendant
KAMI EMEIN

---

*IN Re: Kami Emein, Debtor*                MEMORANDUM OF POINTS AND AUTHORITIES
*Case No. 2:18-bk-15693-ER*

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

25152 Springfield Court, Suite 390, Valencia, CA 91355

A true and correct copy of the foregoing document entitled (*specify*): Kami Emein's Objection to and Motion for Order Disallowing Amended Proof of Claim No. 1-1 of Joseph Amin

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 7, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 7, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 7, 2022 | Ryan Jackman | *Ryan Jackman* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**PROOF OF SERVICE OF DOCUMENT**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
   - Michael N. Berke   Michael.berke@berkeslaw.com, michelle.devan@berkeslaw.com
   - Michael G. D'Alba   mdalba@danninggill.com, danninggill@gmail.com, mdalba@ecf.inforuptcy.com
   - David B. Lally   davidlallylaw@gmail.com
   - John J. Menchaca (TR)   jmenchca@menchacacpa.com, ca87@ecfcbis.com, igaeta@menchacacpa.com
   - Uzzi O. Raanan   uraanan@danninggill.com, danninggill@gmail.com, uraanan@ecf.inforuptcy.com
   - Ronald N. Richards   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
   - Sonia Singh   ssingh@ecjlaw.com, amatsuoka@ecjlaw.com, sgaeta@ecjlaw.com
   - Joon W. Song   jsong@thesonglawgroup.com
   - Jeffrey L. Sumpter   jsumpter1@cox.net
   - United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
   - Scott S. Weltman   colcaecf@weltman.com

2. **SERVED BY U.S. MAIL**

The Honorable Ernest M. Robles
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1560
255 E. Temple Street
Los Angeles, CA 90012

Michael N. Berke, Esq
Law Office of Michael N. Berke
25001 The Old Road
Stevenson Ranch, CA 91381-2252
Attorney for Joseph Amin

Uzzi O. Raanan, Esq.
Michael G. D'Alba
DANNING, GILL, ISREAL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE