

**FILED & ENTERED**

**NOV 15 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Kami Emein,<br>              Debtor. | Case No.:   2:18-bk-15693-ER<br>Chapter:    7<br><br>**MEMORANDUM OF DECISION FINDING THAT JOSEPH AMIN'S AMENDED PROOF OF CLAIM RELATES BACK TO THE FILING DATE OF AMIN'S ORIGINAL PROOF OF CLAIM**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    On September 21, 2022, the Court entered an *Order Establishing Procedure with Respect to the Amendment of Proof of Claim No. 1-1* [Bankr. Doc. No. 193] (the "Procedures Order"), which established procedures to determine whether Joseph Amin ("Amin") would be permitted to file an amended proof of claim relating back to the filing date of Amin's original proof of claim. Kami Emein (the "Debtor") asserts that Amin should not be permitted to amend his claim. No other parties have objected to Amin's request to amend his claim.

    Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[1] the Court finds this matter to be suitable for disposition without oral argument. For the reasons set forth below, the Court finds

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the

that Amin should be authorized to file an amended proof of claim relating back to the filing date of Amin's original claim.[2]

## I. Background

The Debtor filed a voluntary Chapter 7 petition on May 17, 2018. Amin filed a claim against the estate in the amount of $2,624,084 (the "Original Claim") on June 4, 2018, based upon a judgment that Amin obtained against the Debtor in the Los Angeles Superior Court on September 21, 2009 (the "State Court Judgment"). Amin attached copies of the State Court Judgment and an Abstract of the State Court Judgment to the Original Claim. Amin checked the box indicating that the Original Claim was *not* secured.

The claims bar date in this case was January 14, 2019.[3] At a hearing conducted on September 21, 2022, Amin requested the opportunity to amend the Original Claim. On that same date, the Court entered the Procedures Order, which set forth deadlines for (1) Amin to file a proposed amended proof of claim (the "Amended Claim") and (2) for interested parties to object to Amin's ability to file an Amended Claim relating back to the filing date of the Original Claim.

On September 23, 2022, Amin filed an Amended Claim in accordance with the Procedures Order. The Debtor is the only party who has asserted that the filing date of the Amended Claim should not relate back to the filing date of the Original Claim.

The Amended Claim, like the Original Claim, is based upon the State Court Judgment. However, in addition to the principal judgment amount of $2,624,084, the Amended Claim seeks post-judgment interest of $3,671,575.51, bringing the total amount of the Amended Claim to $6,295,659.51. The Amended Claim also states that it is secured by an Abstract of the State Court Judgment that was recorded on February 11, 2010.

The Debtor asserts that the Amended Claim does not relate back to the filing date of the Original Claim, because the Amended Claim is a secured claim rather than an unsecured claim, and because the amount sought in the amended claim is substantially greater than the amount sought in the Original Claim. Amin argues that the Amended Claim does relate back to the Original Claim, because although Amin checked the box on the Original Claim stating that the claim was unsecured, the Abstract of Judgment attached to the Original Claim provided notice that the claim was in fact secured.

## II. Findings and Conclusions

"In the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the … claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity." *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)*, 754 F.2d 811, 816–17 (9th Cir.1985). In determining prejudicial effect, the Court must

---

United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[2] The Court reviewed the following pleadings in adjudicating this matter:
  1) Debtor Kami Emein's Objection to and Motion for Order Disallowing Amended Proof of Claim No. 1-1 of Joseph Amin [Bankr. Doc. No. 198]; and
  2) Supplemental Opposition to Debtor's Objection to Creditor Joseph Amin's Amended Proof of Claim No. 1-1 [filed by Joseph Amin] [Bankr. Doc. No. 200].

[3] Bankr. Doc. Nos. 23–24.

consider "such elements as bad faith or unreasonable delay in filing the amendment, impact on other claimants, reliance by the debtor or other creditors, and change of the debtor's position." *Wall Street Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 102 (B.A.P. 9th Cir. 2006), *aff'd and remanded,* 277 F. App'x 718 (9th Cir. 2008) (internal citation omitted).

The Court finds that the Amended Claim relates back to the filing date of the Original Claim. Therefore, the Amended Claim shall be deemed to have been filed timely. The primary differences between the Amended Claim and the Original Claim are that (1) the Amended Claim, unlike the Original Claim, seeks interest on the State Court Judgment and (2) the Amended Claim, unlike the Original Claim, asserts that it is secured by the Abstract of Judgment. However, the Original Claim *did* include copies of both the State Court Judgment and the Abstract of Judgment. The State Court Judgment states that it bears interest "at the rate of ten percent (10%) per annum from the date of entry of this judgment until paid."[4] And because the Original Claim includes a copy of an Abstract of Judgment recorded on February 11, 2010, any party reviewing the Original Claim would have been aware of the fact that the Original Claim potentially could be secured by any real property located in the county in which the Abstract of Judgment had been recorded. Therefore, the assertion of a security interest in the Amended Claim, as well as the Amended Claim's request for post-judgment interest, would not have come as a surprise to anyone who had carefully reviewed the Original Claim. In short, the Amended Claim is *not* "a new claim in disguise," *Sambo's Restaurants, Inc.*, 754 F.2d at 817; it instead cures errors in the Original Claim and "describe[s] the [Original Claim] with greater particularity," *id.* at 817.

Allowing the Amended Claim to relate back to the Original Claim will not prejudice any parties. The Chapter 7 Trustee and all creditors who filed proofs of claim were provided notice and an opportunity to object to Amin's request that the Amended Claim relate back to the Original Claim. The Debtor is the only party who has objected to the relation-back of the Amended Claim. "[P]rejudice requires more than simply having to litigate the merits of, or to pay, a claim—there must be some legal detriment to the party opposing." In re JSJF Corp., 344 B.R. 94, 102 (B.A.P. 9th Cir. 2006), *aff'd and remanded,* 277 F. App'x 718 (9th Cir. 2008). The Amended Claim's request for postjudgment interest and assertion of a security interest does not amount to the kind of legal detriment to the Debtor that would warrant barring relation-back.

In the Procedures Order, the Court stated that if the Amended Claim was found to relate back to the Original Claim, a hearing on the allowability of the Amended Claim would take place on November 16, 2022. On October 14, 2022, the Debtor filed an adversary proceeding objecting, among other things, to the validity of the security interest assert in the Amended Claim (the "Adversary Proceeding"). In view of the filing of the Adversary Proceeding, the November 16, 2022 hearing on the allowability of the Amended Claim will be taken off calendar, and the allowability of the Amended Claim will be determined through the Adversary Proceeding.

## III. Conclusion

Based upon the foregoing, the Court finds that the Amended Claim relates back to the Original Claim. Therefore, the Amended Claim shall be deemed to have been filed timely. The Court will enter an order consistent with this Memorandum of Decision.

---

[4] Original Claim, Part 2, at p. 2.

###

Date: November 15, 2022

Ernest M. Robles
United States Bankruptcy Judge